## Stokes *versus* Burrell.

1. It is the duty of the court to interpret a contract, and of the jury to determine whether it is established by proof.

2. When covenants are mutual and dependent, either party suing on them must allege and show performance on his own side before he can recover from the other.

3. A refusal by the court below to grant a new trial is not assignable for error.

ERROR to the Court of Common Pleas of *Delaware County*.

*B. Woodward*, for plaintiff in error.

The opinion of the court was delivered February 15, 1858, by THOMPSON, J.—The first error assigned in the record is, in substance, that the court submitted the construction of the various covenants in the contract to the jury. Had this been so it would certainly have been error, for it was the duty of the court to interpret the contract, and that of the jury to ascertain whether it was established by proof. But we cannot perceive the justice in fact of the allegation. The party complaining here did not submit any points in the case for instruction, and the court in a general way gave as full a construction of

[Stokes *v.* Burrell.]

the contract and the respective duties and allegations of the parties under it, as could be fairly supposed to be necessary for the information of the jury. The learned judge dealt with the case in this respect fully and fairly; but if not as fully as the plaintiffs and their counsel thought the case required, they have no right to complain, for they could doubtless have been satisfied upon this point by asking for specific instructions. It is not error for a court to omit to charge in every possible aspect of a case when uninvited by the party complaining. *Kauffman v. Griswold,* 2 Casey, 467. This doctrine applies with unabated force to the second assignment of error, which is a complaint that the court did not charge the jury that their verdict must be for the plaintiff. Under the facts in evidence it would have been manifest error if such a charge had been given. It was a case peculiarly for the jury, and could not be taken away from them without a disregard of their rights and duties altogether. A prayer for such instruction is like a demurrer to evidence in some particulars, and when a party thinks the evidence against him is insufficient, and desires a review of the case upon it, if the court shall be of a different opinion, he makes the point, but no court ever affirms it when there is material evidence, as there was in the case under consideration, tending to establish an opposite result. But the court was not asked to charge upon this view of the case, and it was not error to refrain from so doing.

The third error is not sustained. The court told the jury, after having given them a brief statement of the covenants of the parties, "that if they (the plaintiffs) did not furnish him (John K. Murphy), at the mines, provisions, tools, utensils, and the like, necessary to the living and mining operations, they broke their covenants, and cannot recover in this suit;" and the judge added, "I mean, as a matter of course, in naming the foregoing articles, such articles as were to be furnished by the plaintiffs according to the covenants in the agreement." The agreement between the parties presented a clear case of mutual and dependent covenants, and nothing is better settled than that either party suing on such agreement must allege and show performance on his own side before he can recover from the other. The covenants become conditions precedent, a substantial compliance with which is indispensable. In this view of the case the court was altogether right in charging as they did, because it was not material in that stage of the contract whether Murphy had complied or not. Had the plaintiffs performed their covenant? If they had not, they had no right to drop that material matter out of sight and ask performance at the hands of the defendants, the covenants being as they were mutual and dependent.

The fourth and fifth errors may be considered together. The complaint is that the learned judge charged the jury that in case of mutual and dependent covenants, the party claiming damages "must have performed ALL his covenants before he can recover," and added, it will be for you to say whether the plaintiffs did or did not perform their covenants. "The judge did not mean to say that defects in performance, if the plaintiffs have used their best endeavors to perform, would defeat this, for in a preceding part of his charge he had instructed the jury that it was no breach of the plaintiffs' covenants if Murphy suffered privation and inconvenience for want of even the ordinary comforts of social life on his way to California." As they could not be produced, they could not reasonably be expected, but if the plaintiff furnished such provisions as they had reasonably in their power, this was all they were bound to do. It is obvious, therefore, that in using the expression that the "party must perform ALL his covenants before he can recover," he had no reference to the quality of performance, for he had defined his meaning by saying that performance consisted in doing what was reasonably within the power of the plaintiff to do. The jury could have understood the charge in no other way, and in that way it was properly referred to them. Mere deficiencies existing in the quality of performance may be considered and computed by a jury, and will not defeat the plaintiff's action, but the absence of performance altogether of any part of the covenants by the party seeking to recover when they are mutual and dependent, unless performance is prevented by the defendant, is fatal to such recovery.

A refusal by the court below to grant a new trial is not assignable for error. This disposes of the sixth and last exception to the charge of the court, and as we perceive no error in the record, this judgment must be affirmed.

Judgment affirmed.